UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 SEP 18 A 10: 46

**Willie S. Merriweather, # 240382,**

      Plaintiff,

vs.

Wayne Adam, Edgefield Co. Admin,;
Joseph D. Mozzell Jr., Assistant Solicitor;
Micheal Butts, Officer, Edgefield City Police;
Sheriff of ECDC;
George C. Dedmont, Deputy Sheriff Of ECDC;
Shirely F. Newby, Clerk of Court;
O. Lee Sturkey, State Public Defender Officer;
Edgefield County SC; and
Davis Parkman, Chief Magistrate, in their Individual and
Official Capacities,
      Defendants.

) C/A No. 2:06-2474-PMD-RSC
)
)
)
)
) Report and Recommendation
)
)
)
)
)
)
)
)
)
)
)
)

In the Complaint filed in this case, a state prisoner currently housed at Kershaw Correctional Institution alleges that numerous Defendants violated his constitutional rights in connection with a March 2005 burglary arrest and certain conditions of his pretrial confinement at Edgefield County Detention Center. It appears that he was convicted on the burglary charges, resulting in his current confinement in state custody. Everything that Plaintiff complains about relative to the burglary charges – by far the major portion of the Complaint – apparently occurred before he was placed in South Carolina Department of Corrections (SCDC) custody.[1] However, in the "relief" section of the Complaint, Plaintiff also alleges that he was sprayed with pepper spray in February 2006, and that he was denied medical care thereafter by SCDC officials. There do not appear to be any other allegations in the Complaint that could indicate that Plaintiff is presently in any type of

---

[1] According to the SCDC internet website, http://www.doc.sc.gov/InmateSearch, Plaintiff was admitted to state custody on November 2, 2005 on a second-degree burglary conviction from Edgefield County.

physical danger based on the matters of which he complains. Plaintiff asks this Court to permit him to proceed without prepayment of the $350.00 filing fee in this case. (Entry 2).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

It is not necessary for the Court to reach the issues presented in Plaintiff's Complaint because it is clear that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g) [the Prison Litigation Reform Act].[2] It is judicially noticed that this Plaintiff has filed more than three (3) prior frivolous cases in this Court since 1997, and that such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 2:05-2436; 2:01-4255; 6:97-3178; 6:97-3150;6:97-3149; 6:97-2132; 8:97-2082. The "three-strikes rule" is a Congressional enactment that applies nationwide, and was not a judicially-created rule. By enacting the statute in which the rule is established, Congress determined that, except

---

[2]28 U.S.C. § 1915(g) provides:
> (g) in no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

under very limited circumstances, prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. *See* 28 U.S.C. § 1915(g)[3]; Green v. Nottingham, 90 F.3d 415, 417-20 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively); *cf.* In re Sargent, 136 F.3d 349 (4th Cir. 1998).

The limited exception to this bar is where "the prisoner is under imminent danger of serious physical injury." Obviously being aware of the potential three-strikes bar to his claims, as stated earlier, Plaintiff includes minimal allegations in his "relief" section to the effect that he was sprayed with pepper spray in February 2006, and that he was denied medical care thereafter by SCDC officials. Whether this claim is true or not, it fails to set forth a claim that he is "under imminent danger of serious physical injury" (emphasis added) as required under 28 U.S.C. § 1915(g) because the actions giving rise to the claims occurred over seven months ago. They are obviously not occurring at the present time and are not placing Plaintiff in any "imminent danger" whatsoever. The United States Court of Appeals for the Second Circuit has held that in using the present tense in § 1915(g) and also the term "imminent" (meaning "impending"), Congress intended that "the danger must exist at the time the complaint is filed." The "imminent danger" exception does not apply

---

[3] 28 U.S.C. §1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

(emphasis added).

3

to "those harms that had already occurred." The Second Circuit also noted unanimity among the federal circuits addressing this issue. Malik v. McGinnis, 293 F. 3d 559, 561-62 (8th Cir. 2002)(citing Abdul-Akbar v. McKelvie, 239 F. 3d 307, 323 (3rd Cir. 2001)); Medberry v. Butler, 185 F. 3d 1189, 1193 (11th Cir. 1999); Banos v. O'Guin, 144 F. 3d 883, 884 (5th Cir. 1998). Because there are no facts showing that the "imminent danger" exception should apply, Plaintiff is barred by the three-strikes rule from pursuing in this Court any of the claims contained in his Complaint.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B)(essentially a re-designation of "old" 1915(d)); and "new" 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

*/s/ Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

September /9, 2006
Charleston, South Carolina

4

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**