IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie S. Merriweather, #240382, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Wayne Adam, Edgefield Co. Admin.; )<br>Joseph D. Mozzell Jr., Assistant Solicitor; )<br>Michael Butts, Officer, Edgefield City Police; )<br>Sheriff of ECDC; )<br>George C. Dedmont, Deputy Sheriff of ECDC; )<br>Shirley F. Newby, Clerk of Court; )<br>O. Lee Sturkey, State Public Defender Officer; )<br>Edgefield County SC; and )<br>Davis Parkman, Chief Magistrate, in their )<br>Individual and Official Capacities, )<br>)<br>Defendants. )<br>_____ ) | C.A. No.: 2:06-2474-PMD-RSC<br><br><br><br><br><br><u>**ORDER**</u> |

This matter is before the court upon the Magistrate Judge's recommendation that Merriweather's ("Merriweather" or "Plaintiff") complaint be dismissed. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1]  A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On October 2, 2006, Merriweather filed timely objections to the R&R.

**BACKGROUND**

Plaintiff, a state prisoner at the Kershaw Correctional Institution, alleges in his Complaint

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the Magistrate Judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding *pro se*, and submit findings and recommendations to this Court.

that Defendants have violated his constitutional rights in connection with a burglary prosecution. The Magistrate found that Plaintiff is barred from filing the instant case without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(g). The Magistrate stated, "It is judicially noticed that this Plaintiff has filed more than three (3) prior frivolous cases in this Court since 1997, and that such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 2:05-2436; 2:01-4255; 6:97-3178; 6:97-3150; 6:97-3149; 6:97-2132; 8:97-2082." (R&R at 2.) The Magistrate further found that Plaintiff's injuries did not fall within the physical injury exception to the three strikes rule. *See* 28 U.S.C. § 1915(g).[2]

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

---

[2] The three strikes rule set forth in § 1915(g) provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

**OBJECTIONS**

While the court has some difficulty understanding Plaintiff's arguments, the court reads his objections to the R&R broadly to find an objection to the Magistrate Judge's application of the three strikes rule. As Merriweather proceeds *pro se* in this matter, his pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Additionally, because Merriweather proceeds *pro se*, the court gives his objections a broad reading. *Sutphin v. Landon*, 803 F.2d 1181, at *1 n.1 (4th Cir. 1986) (unpublished table decision); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).

Plaintiff objects to the Magistrate's finding that the three strikes rule bars him from filing this action without prepayment of the filing fee. In his objections, Plaintiff states that "this trial should be heard under state rule 605 SCRCP or Federal Jurisdiction."[3] (Objections at 4.) Presumably Plaintiff is referring to South Carolina Appellate Court Rule 605, a rule that pertains to media coverage of court proceedings and is thus irrelevant to the application of the three strikes rule. Furthermore, this court does have jurisdiction, but Plaintiff's claims are still subject to dismissal under 28 U.S.C. § 1915(g).

---

[3]Plaintiff also states that he should be allowed to proceed in this case under 28 U.S.C. § 1915(a) and (b) and 11 U.S.C. § 523(a)(17). (Objections at 2.) While § 1915(a) authorizes a prisoner that is unable to pay filing fees to commence an action *in forma pauperis*, § 1915(g) takes away such authorization. *See generally Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006) ("[T]he Act's 'three strikes' provision . . . prohibits a prisoner who has filed three previous suits that were dismissed on specified grounds from proceeding *in forma pauperis* in subsequent suits.") Additionally, Plaintiff alleges that 11 U.S.C. § 523(a)(17) allows him to proceed without prepayment of filing fees. However, this section of the bankruptcy code specifically states that any debt for a fee imposed on a prisoner for the filing of a case will not be discharged regardless of any assertion of poverty under 28 U.S.C. § 1915.

3

Plaintiff further asserts that the imminent danger exception[4] prevents application of the three strikes rule to his claims. Plaintiff maintains that he is "under imminent danger . . . while being around officer . . . J. Collin, Jr., a Germany [sic] descendant and Lt. J. Jefferson who is a 4 [sic] degree black belt in karate." (Objections at 4.) Plaintiff's apprehension of these officers apparently stems from an incident that occurred on February 13, 2006, in which the officers sprayed him with pepper spray, and SCDC officials allegedly thereafter denied Plaintiff medical care. The imminent danger "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see also Johnson v. Warner*, No. 05-7048, 2006 WL 2711957, at *1 (4th Cir. Sept. 22, 2006); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Allegations by a prisoner that he "faced imminent danger in the past are insufficient to trigger this exception to § 1915(g)." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Plaintiff's allegation does not come within the imminent danger exception because the incident occurred several months prior to the filing of his complaint, and there are no facts to suggest that Plaintiff will face imminent danger in the future. Accordingly, after a thorough review of the Record, including Plaintiff's pleadings and the Magistrate Judge's R&R, the court finds Plaintiff's objections do not have merit. The action is thus subject to dismissal pursuant to 28 U.S.C. § 1915(g), as Plaintiff does not fall within the imminent danger exception to the three strikes

---

[4] Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury."

4

rule.

## CONCLUSION

It is therefore, **ORDERED**, for the foregoing reasons, that Plaintiff's action is **DISMISSED** without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**November 1, 2006**

5